UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY MARLIN HAYNES,

    Petitioner,

                              CASE NO. 2;07-CV-14520-DT
v.                              HONORABLE VICTORIA A. ROBERTS
                              UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Randy Marlin Haynes, ("Petitioner"), presently confined at the Standish Maximum Correctional Facility in Standish, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(f), and for kidnapping, M.C.L.A. 750.349. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was charged on July 15, 2004 with assault with intent to commit murder, kidnapping, first-degree criminal sexual conduct, carjacking, and armed robbery, for an incident which occurred on November 10, 1996.

On December 8, 2005, Petitioner entered a plea of no contest to the charges of kidnapping and first-degree criminal sexual conduct. In exchange for his plea, the Ionia

1

County Prosecutor agreed to dismiss the other criminal charges against Petitioner. There was also a sentence agreement that Petitioner's minimum sentence would be twenty four and one-half years. The trial court advised Petitioner of the maximum penalties for the crimes that he would be pleading no contest to. Petitioner stated that he understood the possible penalties and indicated that it was his desire to plead no contest. Petitioner indicated that he understood the plea and sentencing agreement that had been negotiated between the parties. The trial court judge indicated that he had before him an advice of rights form which had been signed by Petitioner. The advice of rights form listed the various trial rights that Petitioner would be relinquishing by pleading no contest. In response to the judge's questions, Petitioner indicated that he read the advice of rights form and understood what he had read. Petitioner acknowledged understanding that by pleading no contest, he would not have a trial of any kind and would be giving up the rights listed on the form. The judge, however, did not recite the various trial rights on the record. Petitioner indicated that he was aware that by pleading no contest, he would be giving up the right to claim that it was not his choice to plead no contest or that his plea had been prompted by any promises, threats, or inducements which had not been placed on the record. Petitioner reiterated that he wished to plead no contest and wished to waive the rights to a trial that had been explained to him by the trial court or which had been set forth in the advice of rights form. (Plea Tr., pp. 3-7).

On March 31, 2006, Petitioner was sentenced to twenty four years, six months to seventy five years in prison.

2

Petitioner's conviction was affirmed on appeal. *People v. Haynes,* No. 269307 (Mich.Ct.App. May 4, 2006); *lv. den.* 477 Mich. 912; 722 N.W. 2d 861 (2006). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Guilty plea was unlawfully induced, not understanding consequences of plea.
II. Denial of effective assistance of counsel.
III. Abuse of pre-sentence report.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its

3

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

When a state court has not articulated its reasoning when denying a constitutional claim, a federal habeas court is obligated to conduct an independent review of the record and applicable law and determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented; however, that independent review is not a full *de novo* review of the claims, but remains deferential because a habeas court cannot grant relief unless the state court decision is not in keeping with the AEDPA's strictures. *Harris v. Stovall*, 212 F. 3d 940, 943 (6th Cir. 2000); *See also Vliet v. Renico,* 193 F. Supp. 2d 1010, 1016 (E.D. Mich. 2002). Thus, where a state court decides a constitutional issue by form order or without an extended discussion, as was the case here, a habeas court should focus on the result of the state court's decision, applying the aforementioned standard. *Harris,* 212 F. 3d at 943, n. 1.

### III. Discussion

**A. Claim # 1. The involuntary plea claim.**

Petitioner first claims that his plea of no contest was not knowingly made, because the trial court failed to advise Petitioner on the record of the specific trial rights that he would be giving up by pleading no contest, specifically, his right against self-incrimination, his right to a jury trial, and his right of confrontation.

A guilty or no contest plea that is entered in state court must be voluntarily and

4

intelligently made. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005)(citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty or no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991); *Shanks,* 387 F. Supp. 2d at 749. The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no contest plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty or no contest plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *Shanks,* 387 F. Supp. 2d at 749. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-

09 (1984). A plea of guilty (or no contest) entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

In *Campbell v. Marshall,* 769 F. 2d 314, 316-17, 324 (6th Cir. 1985), the Sixth Circuit held that a habeas petitioner's guilty plea was not involuntary despite the trial court's failure to specifically inform the petitioner on the record that he would be waiving his right to be free from self-incrimination, his right of confrontation, and his right to compulsory process by pleading guilty, where petitioner had been given a document which contained a discussion of each of the constitutional rights that petitioner would waive by pleading guilty and petitioner had completed a written response to the trial court, in which he indicated that he had read and understood the information in the document. In so ruling, the Sixth Circuit indicated that they were "unwilling to hold, as a constitutional requirement applicable in habeas cases to state prosecutions, that a guilty plea requires any precise litany for its accomplishment." *Id.* at 324 (*quoting Armstrong v. Egeler*, 563 F.2d 796, 799 (6th Cir. 1977)). Other cases have reached the same decision. *See Winegar v. Corrections Dept.,* 400 F. Supp. 392, 395-97 (W.D. Mich. 1977)(habeas petitioner's plea not invalid merely because he was not advised that a plea of guilty would involve a waiver of the privilege against self-incrimination, of the right to

confront one's accusers, and of the right to trial by jury, where the record established that the plea was voluntary).

In the present case, the trial court asked Petitioner several times whether he wished to plead no contest. Petitioner indicated on the record that it was his decision to plead no contest and that there had been no threats or inducements (other than the terms of the plea agreement) which had prompted him to enter this plea. Petitioner indicated that he understood the terms of the plea and sentencing agreement. Although the trial court did not specifically advise Petitioner of the various trial rights that he would be relinquishing by pleading no contest, Petitioner indicated on the record that he had reviewed and signed the advice of rights form which contained the trial rights that he would be waiving by entering his plea. Petitioner indicated on the record that he understood the advice of rights form and acknowledged that he would be waiving the various trial rights contained in this form by entering his plea. Under the circumstances, Petitioner's plea was knowingly and intelligently entered. *Campbell,* 769 F. 2d at 324. Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The ineffective assistance of counsel claim.**

Petitioner next contends that his trial counsel was ineffective for failing to raise a statute of limitations defense with respect to the first-degree criminal sexual conduct charge. Respondent contends that this claim is unexhausted, because the claim was raised for the first time before the Michigan Supreme Court on discretionary review. Petitioner counters that this claim was properly exhausted, because he raised a claim on

7

his direct appeal that his prosecution, at least for the first-degree criminal sexual conduct charge, was barred by Michigan's statute of limitations for criminal prosecutions, even if he did not specifically allege that his counsel had been ineffective for failing to raise a statute of limitations challenge.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). However, the doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998).

In the present case, although Petitioner raised a claim in the state appellate courts that his prosecution for the first-degree criminal sexual conduct charge was barred by the statute of limitations, he did not raise a claim that counsel was ineffective for failing to raise a statute of limitations defense. For purposes of the exhaustion requirement, an ineffective assistance of counsel claim is legally distinct from the underlying substantive claim incorporated into the ineffective assistance of counsel claim. *See White v. Mitchell,* 431 F. 3d 517, 526 (6th Cir. 2005). Because Petitioner did not present his statute of limitations claim as an ineffective assistance of counsel claim to the state courts, it appears to be unexhausted for purposes of habeas review.

However, a habeas petitioner's failure to exhaust his or her state court remedies

8

does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c). Because Petitioner's claim lacks merit, in the interests of efficiency and justice, the Court will address Petitioner's claim, rather than dismiss the petition on exhaustion grounds. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*.

Petitioner contends that his counsel was ineffective for advising him that his first-degree criminal sexual conduct charge was not barred by Michigan's statute of

limitations for first-degree criminal sexual conduct. The crime in this case took place on November 10, 1996. [1] At the time of the crime, Michigan's statute of limitations for criminal prosecutions, M.C.L.A. 767.24, provided for a six year statute of limitations for this offense. Because Petitioner was not charged with this offense until July 15, 2004, Petitioner contends that prosecution for this offense was time-barred.

On May 2, 2001, the M.C.L.A. 767.24 (1) was amended to indicate that a prosecution for first-degree criminal sexual conduct, "may be found and filed at any time." *See* P.A. 2001, No. 6. When the statute was amended, the original six year statute of limitations for Petitioner's first-degree criminal sexual conduct charge had not yet expired. [2]

The *Ex Post Facto* Clause of the United States Constitution may be violated if a statute of limitations for criminal prosecutions is extended after it had already expired against a particular criminal defendant. *See Stogner v. California,* 539 U.S. 607, 632-33 (2005). However, the extension of a limitations period before that period has run does not violate the *Ex Post Facto* Clause. *See U.S. v. Knipp*, 963 F. 2d 839, 844 (6th Cir. 1992). In the present case, the Michigan Legislature eliminated the six year statute of limitations for first-degree criminal sexual conduct prosecutions before the six year

---

[1] Petitioner does not provide these dates in his petition for writ of habeas corpus or in his reply brief. However, the Court obtained this information from page 8 of his state appellate court brief, which has been provided as part of the Rule 5 materials. [See This Court's Dkt. Entry # 9-2].

[2] Petitioner does not argue that his kidnapping conviction is barred by the statute of limitations, perhaps because Michigan's statute of limitations, both at the time of the offense in 1996, as well as today, provides for a ten year statute of limitations for kidnapping prosecutions. *See* M.C.L.A. 767.24.

limitations period had expired on Petitioner's first-degree criminal sexual conduct charge. Because the amended M.C.L.A. 767.24 contains no statute of limitations for first-degree criminal sexual conduct prosecutions, Petitioner's first-degree criminal sexual conduct charge was not barred by the statute of limitations.

Because there was no valid time-bar to Petitioner's prosecution for first-degree criminal sexual conduct, trial counsel was not ineffective for failing to raise a meritless statute of limitations defense to this charge. *See e.g. Monzo v. Edwards,* 281 F. 3d 568, 580-81 (6th Cir. 2002); *See also Jackson v. United States,* 54 Fed. Appx. 594, 595-97 (6th Cir. 2001)(counsel not ineffective for failing to advise defendant of possible limitations defense before defendant accepted plea offer, in the absence of a viable limitations defense). Petitioner is not entitled to habeas relief on his second claim.

**C. Claim # 3. The pre-sentence report claim.**

Petitioner lastly contends that the pre-sentence investigator improperly expressed his personal opinions about Petitioner in the pre-sentence report.

There is no federal constitutional right to a pre-sentence investigation and report. *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001)(internal citation omitted). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Id.* Any claim that the trial court failed to correct the inaccuracies or improper information contained in Petitioner's pre-sentence report is therefore noncognizable in federal habeas review, because it involves an issue of state law. *See e.g. Koras v.*

11

*Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 Fed. Appx. 607 (6th Cir. 2005). Petitioner is not entitled to habeas relief on his final claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F.

Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

                                       S/Victoria A. Roberts
                                       Victoria A. Roberts
                                       United States District Judge

Dated:  July 23, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 23, 2008.

s/Carol A. Pinegar
Deputy Clerk